## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CASE NO.

YETI COOLERS, LLC,

      Plaintiff,

vs.

TUCKER NEBEL, an individual, and
NATALIE CORNWELL, an individual,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, YETI Coolers, LLC ("Plaintiff" or "YETI") hereby sues Defendants, Tucker Nebel, an individual, and Natalie Cornwell, an individual (collectively, "Defendants"). Defendants are promoting, offering for sale, selling, and/or distributing unauthorized goods bearing YETI's federally registered trademarks within this district. In support of its claims, YETI alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages and injunctive relief for federal trademark infringement, false designation of origin, common law unjust enrichment, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), and Florida's common law. Accordingly, this Court

has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over YETI's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district.

3.      Venue is proper in this Court pursuant 28 U.S.C. § 1391 since, at least, one Defendant resides in this District, and Defendants direct their infringing activities towards consumers and conduct substantial business in this District.

## THE PARTIES

4.      YETI is a Delaware limited liability company with its principal place of business in the United States located at 7601 Southwest Parkway, Austin, TX 78735. YETI is, and for years has been, a leading manufacturer, designer, developer, retailer, and distributor of innovative products, including portable coolers, drinkware, bags, and apparel. YETI has continuously engaged in the design, development, manufacture, promotion, distribution of a variety of high-quality goods, including YETI's portable coolers, drinkware, bags, apparel, and other products, using multiple common law and federally registered trademarks, including those identified in Paragraph 11 below, and the public has come to associate products

sold under these trademarks with YETI's reputation for exceptional quality. YETI is the owner of all registered and common law rights associated with the above-referenced marks as used in connection with the promotion, advertisement, and distribution of goods in the United States. YETI offers for sale and sells its trademarked goods throughout the United States, including within the State of Florida and specifically in this District. YETI has built a strong following of brand loyalists throughout the world, ranging from serious outdoor enthusiasts to individuals who simply value products of uncompromising quality and design. One of YETI's most popular products is its YETI RAMBLER® drinkware series, made from durable stainless steel with double-wall vacuum insulation to protect both hot and cold beverages. Specifically, the design and features of the RAMBLER® drinkware products have received widespread public acclaim. Outside magazine recently called YETI's RAMBLER® mug "the best mug ever made."

5.    Defendant Tucker Nebel ("Defendant Nebel") is an individual who resides within this District at 4905 Blue Sky Way, Marianna, Florida 32446. Defendant Nebel does business using the seller identification name, Tucker Nebel, via Facebook.com in connection with the operation of his business. Defendant Nebel is engaged in the offering for sale and sale of the infringing products described herein.

6.     Defendant Natalie Cornwell ("Defendant Cornwell") is an individual who, upon information and belief, resides within this District 4905 Blue Sky Way, Marianna, Florida 32446.  Defendant Cornwall is also engaged in the sale and distribution of the infringing products described herein.

7.     Upon information and belief, Defendants are directly engaging in the advertisement, promotion, offering for sale, and sale of unauthorized and materially different and thereby infringing products within this District and the State of Florida as alleged herein.

## SUBSTANCE OF THE ACTION

8.     This action arises out of Defendants' advertisement, offer to sell, sale, and distribution of unauthorized products bearing YETI's federally registered trademarks that are detailed below.  Defendants' use of the YETI Marks is not authorized by YETI and the goods at issue herein have not been approved by YETI to be offered for sale, sold, or distributed in interstate commerce. By presenting these YETI branded products in such an unauthorized manner, Defendants are earning a substantial profit and causing immediate and irreparable harm to YETI, as well as the consuming public.

9.     Additionally, based on the inspection of the goods being promoted, advertised, offered for sale, sold, and distributed by Defendants in this district, YETI has confirmed these goods have been stolen from YETI.  Upon information and

4

belief, the theft of these YETI branded goods occurred either from a sealed container in a Long Beach, California rail yard, YETI's distribution facility in Tennessee, and/or in between those locations.

10.    Defendants are displaying and selling their non-genuine YETI-branded products under the guise those goods are authentic YETI products approved by YETI. As Defendants' goods have not passed through YETI's quality control process and are actually not authorized for sale by YETI, those goods are likely to confuse consumers who will believe they are purchasing, or have purchased, a genuine product approved and guaranteed by YETI. Defendants' goods being promoted, offered for sale, sold, and/or distributed within this District and throughout the United States are materially different from the products that YETI offers for sale and sells in the United States. As a matter of law, such material differences render the Defendants' goods as non-genuine, infringing products.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

11.    YETI is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "YETI Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YETI | 3,203,869 | January 30, 2007 | IC 021 – Portable Coolers |
| RAMBLER | 5,233,441 | June 27, 2017 | IC 021 – beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware; drinking straws. |
| YETI | 5,330,469 | November 7, 2017 | IC 040 – custom imprinting of tumblers, jugs and mugs; custom imprinting of beverageware; custom imprinting of drink holders; custom imprinting of insulated food and drink containers; custom imprinting of portable coolers. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YETI | 5,392,333 | January 30, 2018 | IC 040 – custom imprinting of tumblers, jugs and mugs; Custom imprinting of beverageware; Custom imprinting of drink holders; Custom imprinting of insulated food and drink containers; Custom imprinting of portable coolers. |
| YETI RAMBLER | 5,409,905 | February 27, 2018 | IC 021 – beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; insulating sleeve holder for beverage cups; thermal insulated drink holder; portable stainless steel drink holders for holding individual cups, cans, and bottles; stainless steel tumblers for use as drinking vessels; stainless steel drinking glasses; stainless steel beverageware. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| RAMBLER | 6,119,025 | August 4, 2020 | IC 021 – drinking cups sold with lids therefor; drinkware lids, namely, cup lids; drinkware lid, namely, cup lid with handle; drinkware straw lids, namely, cup lids with integrated straws; drinkware straw lids, namely, cup lids with holes for straws; wine glasses; cups, bottles, and mugs sold with lids that double as a cup, sold empty; cup lids that double as a cup; insulated lids that double as a cup; insulated cups, bottles, and mugs sold with insulated lids that double as a cup, sold empty; insulated cup lids; insulated lids for plates and dishes; drinking cups for babies and children; drinking straws for babies and children; drinking cups for babies and children and parts and fittings therefor, namely, cups for babies and children sold as a unit with valves and lids. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| **YETI** | 6,211,352 | December 1, 2020 | IC 020 – plastic portable packing containers.<br><br>IC 021 – buckets; plastic buckets; industrial buckets; utility buckets; ranger buckets; fishing buckets; household containers for food and beverages; containers for household or kitchen use; plastic portable household cargo containers; portable non-electric water coolers; water dispensers; insulated water dispensers; portable beverage dispenser; handles specially adapted for beverageware. |
| YETI | 6,496,375 | September 28, 2021 | IC 021– beer glasses; drinking glasses; cups and mugs; bottles, sold empty; bottle openers. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YETI | 6,931,251 | December 20, 2022 | IC 021 – beverageware; cups; drinking glasses, namely, tumblers; jugs; temperature-retaining vessels; vacuum container for hot or cold food and drink; insulated food and drink containers; cold packs used to keep food and drink cold; refreezable ice substitutes in packaged form, namely, cold packs used to keep food or drink cold; insulating sleeve holder for beverage cups; bottle openers; cooler backpacks, namely, portable coolers which can be worn as a backpack; jockey boxes; ice buckets. |

The YETI Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the YETI Marks are attached hereto as Composite Exhibit "1."

12.    The YETI Marks have been extensively and continuously used in interstate commerce to identify and distinguish YETI's high-quality goods, including portable coolers and insulated drinkware products, for an extended period of time, including but not limited to the YETI V Series® cooler, the Roadie® series

of coolers, such as the Roadie® 24, 48 and 60, the Silo® 6G Water Cooler, the Tank® 45 and 85 ice buckets, the Tundra® series of hard coolers, such as the Tundra Haul® Hard Cooler and the Tundra® 35, 45, 65, 75, 105, 110, 125, 160, 210, 250 and 350, the Hopper® series of soft coolers, such as the Hopper Flip® 8, 12 and 18, the Hopper® M20 and Hopper® M30, the Daytrip® Lunch Bag and Daytrip® Lunch Box, the Rambler® series of drinkware, such as the Rambler® 10 oz. Lowball, the Rambler® 10 oz. Wine Tumbler, the Rambler® Colster® 12 oz. and 16 oz. Can Insulator, the Rambler® 10 oz., 14 oz., 20 oz., 24 oz., 25 oz., 30 oz. and 35 oz. Mug, the Rambler® 10 oz., 20 oz. and 30 oz. Tumblers, the Rambler® 16 oz. Stackable Pint, the Rambler® 26 oz. Stackable Cup, the Rambler® 12 oz and 18 oz Hotshot Bottles, the Rambler® 18 oz., 26 oz., 36 oz., 46 oz. and 64 oz. Bottles, the Rambler® 12 oz. Kids Bottle, the Yonder™ 25 oz and 34 oz Bottles, and the Rambler® half gallon and one gallon Jugs, (collectively, the "YETI products").

13.    The YETI Marks have been used in commerce by YETI long prior in time to Defendants' use of copies of those Marks

14.    The YETI Marks are symbols of YETI's origin, quality, reputation and enormous goodwill and have never been abandoned.

15.    The YETI Marks are well known and famous. YETI expends substantial resources developing, advertising, and otherwise promoting the YETI

Marks. The YETI Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

16.    Further, YETI extensively uses, advertises, and promotes the YETI Marks in the United States in association with the sale of high-quality goods. YETI expends enormous resources promoting the YETI Marks and products bearing and/or using the YETI Marks in magazines, newspapers, billboards, television ads, and on the Internet, including pre-roll, social media, banner ads, page takeovers, and the official YETI website, www.yeti.com, through sponsorship of tradeshows and outdoor sporting events such as GoPro Mountain Games, Banff Mountain Film Festival, Dominican River Rock, and numerous sponsored ambassadors in hunting, fishing, beer/barbecue, ranch/rodeo and outdoor including 5-time World Steer Wrestling Champion Luke Branquinho, two-time world champion bull rider JB Mauney, published author, celebrated fishing guide and casting instructor Flip Pallot and author of The New York Times best seller "Franklin Barbecue: A Meat Smoking Manifesto" and the host of the television show "BBQ with Franklin," Aaron Franklin.  YETI's prominent use of the YETI Marks has further enhanced the YETI Marks' recognition and fame with members of the consuming public. In the last few years alone, YETI has experienced substantial sales of its high-quality goods.

17.    As a result of YETI's efforts, members of the consuming public readily identify merchandise bearing or sold using the YETI Marks as being high quality merchandise sponsored and approved by YETI.

18.    Accordingly, the YETI Marks are widely recognized trademarks in the United States, and the trademarks have achieved substantial secondary meaning among consumers as identifiers of high-quality goods.

19.    YETI has carefully monitored and policed the use of the YETI Marks and has never assigned or licensed the YETI Marks to any of the Defendants in this matter.

20.    Also crucial to the success of the brand is YETI's ability to guarantee the quality of its products.  YETI employes established quality control procedures and policies that require its products to be sold via its authorized channels of trade. YETI takes great care to ensure that the quality of its genuine goods that reach members of the consuming public are displayed and sold in accordance with its quality control procedures and policies.  Because the distribution of its genuine products is so critically important to YETI, it has incorporated a broad return policy with respect to distributed goods into its quality control policies through shipping and aftercare, including provision of warranty services.

**Defendants' Infringing Activities**

21.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of YETI's ownership of the YETI Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

22.     YETI has discovered Defendants are promoting and otherwise advertising, offering to sell, selling, and/or distributing unauthorized and materially different products bearing the YETI Marks (the "Infringing Products"). The Infringing Products are products that have been stolen from either a sealed container in a Long Beach, California rail yard, YETI's distribution facility in Tennessee, and/or in between those locations, and are not authorized for sale as part of YETI's current U.S. product line.

23.     The Infringing Products are comprised of products that have not been authorized for sale by YETI, do not follow YETI's established quality and control procedures and policies, and do not carry YETI's warranty for aftercare services. Upon information and belief, the Infringing Products have been handled and stored in a manner completely inconsistent with YETI's established product quality control policies. Because the Infringing Products were not sold via YETI's authorized distribution channels, YETI cannot guarantee the quality of such products, does not warranty such products, and does not provide its other post-sale consumer benefits.

As such, the Infringing Products are materially different from the products that YETI advertises, offers for sale, sells, and distributes in the United States. As a matter of law, such material differences render the Infringing Products non-genuine, infringing products.

24.    By selling the Infringing Products, Defendants are usurping YETI's ability to control the quality of its products and how its brand is presented to consumers, thereby misrepresenting to consumers the very nature of the YETI brand that YETI has carefully developed in the United States.

25.    Despite the nature of their goods and the knowledge that they are without authority to do so, Defendants are actively using, promoting, and otherwise advertising, offering for sale, selling, and/or distributing their Infringing Products with the knowledge that such goods will be mistaken for the genuine, high-quality products offered for sale by YETI.  The net effect of Defendants' actions is to result in the confusion of consumers who will believe Defendant's Infringing Products are genuine goods originating from, approved, endorsed and guaranteed by YETI.

26.    Defendants advertise the Infringing Products for sale to the consuming public.  In so advertising these products, Defendants use the YETI Marks. Defendants' misappropriation of YETI's advertising ideas in the form of the YETI Marks has occurred, in part, in the course of Defendants' advertising activities and has been a proximate cause of damage to YETI.

27.     Defendants are conducting their infringing activities at least within this District.  As a result, Defendants are defrauding YETI and the consuming public for Defendants' own benefit.  Defendants' infringement and disparagement of YETI does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

28.     Defendants' use of the YETI Marks, including the promotion and advertising, reproduction, distribution, offering for sale, and sale of the Infringing Products, is without YETI's consent or authorization.

29.     Further, Defendants are engaging in the above-described infringing activities knowing and intentionally or with reckless disregard or willful blindness to YETI's rights for the purpose of trading on YETI's goodwill and reputation.  If Defendants' intentional unlawful activities are not enjoined by this Court, YETI and the consuming public will continue to be damaged and irreparably harmed.

30.     Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade concerning the source and sponsorship of the Infringing Products.  Moreover, Defendants' unlawful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between YETI's genuine goods and Defendants' Infringing Products.

31.    By engaging in these infringing activities, Defendants are acting in willful disregard of the laws protecting YETI's rights in its trademarks, and have confused and deceived, and/or intend to confuse and deceive, the consuming public and the public at large concerning the source and sponsorship of the Infringing Products. Upon information and belief, Defendants are using the YETI Marks in order to compete with and otherwise benefit from the recognition and goodwill of the YETI Marks and from the desirability of products bearing the YETI Marks.

32.    Accordingly, Defendants' infringing activities are injuring and are likely to continue to injure YETI's goodwill and reputation. Defendants' offering for sale and sale of the Infringing Products unfairly and unlawfully wrests from YETI control over its trademarks and reputation. If Defendants' conduct is not enjoined, it will greatly injure the value of the YETI Marks to YETI and the ability of the YETI Marks to indicate the high quality goods that consumers have come to expect from YETI.

33.    YETI has no adequate remedy at law.

34.    YETI is suffering irreparable injury because of Defendants' unauthorized and wrongful use of the YETI Marks. If Defendants' infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, YETI and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

35.    The harm sustained by YETI has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Products.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT
## PURSUANT TO § 32 OF THE LANHAM ACT

36.    YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

37.    This is an action for trademark infringement against Defendants based on their promotion, advertisement, distribution, offering for sale, and sale of products bearing the YETI Marks that have not been authorized for sale by YETI.

38.    Specifically, Defendants are advertising, promoting, distributing, offering for sale, and selling Infringing Products that are materially different from the YETI-branded products distributed and sold by YETI in the United States.

39.    Defendants are likely to cause confusion, or to cause mistake or to deceive consumers, potential consumers, and/or the trade as to the nature, origin, and/or quality, of the Infringing Products, including but not limited to whether YETI guarantees the quality of the Infringing Products and whether the Infringing Products are part of YETI's current U.S. product line. By their actions, Defendants are likely to confuse consumers who will believe they are purchasing, or have purchased, a genuine product approved and guaranteed by YETI. Such confusion is inevitable

here where Defendants are offering for sale and selling the Infringing Products as YETI products.

40.    Defendants are continuously infringing the YETI Marks, directly and contributorily, by using them to advertise, promote, and sell unauthorized products bearing the YETI Marks.

41.    Defendants' acts are intended to reap the benefit of the goodwill that YETI has created in its trademarks and constitute infringement of YETI's federally-registered trademarks in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42.    Defendant's unlawful actions have caused and are continuing to cause unquantifiable harm to YETI.

43.    YETI has sustained injury caused by Defendants' conduct and absent an entry of an injunction by this Court, YETI will continue to suffer irreparable injury to its goodwill and business reputation and Defendants will continue to wrongfully profit from their actions.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

44.    YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

45.    Defendants' Infringing Products bearing and sold under the YETI Marks have been advertised, offered for sale, sold, and distributed at least within this district.

46.    Defendants' Infringing Products bearing and sold under the YETI Marks are materially different from the YETI-branded products distributed and sold by YETI in the United States and constitutes false representation with respect to the nature of Defendants' goods, including but not limited to whether YETI guarantees the quality of the Infringing Products and whether the Infringing Products are part of YETI's current U.S. product line. Such confusion is inevitable here where Defendants are offering for sale and selling the Infringing Products as YETI products.

47.    Defendants have used in connection with their sale of Defendant's Infringing Products, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to YETI's detriment.

48.    Specifically, Defendants have used the YETI Marks in their advertisement, promotion, offer to sell, sale, and distribution of their Infringing Products. Defendants have misrepresented to members of the consuming public that Defendants' Infringing Products being advertised and sold by them are genuine, non-infringing products.

49.    As such, Defendants' advertisement, promotion, offer to sell, sale, and distribution of the Infringing Products is likely to cause confusion, mistake, or deceive as to the nature of Defendants' goods and is likely to create the false impression that Defendants are affiliated with YETI or that the Infringing Products are authorized, sponsored, endorsed or guaranteed by YETI.

50.    Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.    YETI has sustained injury caused by Defendants' conduct, and absent an entry of an injunction by this Court, YETI will continue to suffer irreparable injury to its goodwill and business reputation and Defendants will continue to wrongfully profit from their actions.

## COUNT III – COMMON LAW UNJUST ENRICHMENT

52.    YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

53.    At all times relevant hereto, Defendants have had full knowledge of YETI's ownership of the YETI Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

54.    Defendants have procured their Infringing Products through unlawful means.

55.    Despite the nature of their goods and the knowledge that they are without authority to do so, Defendants have promoted, advertised, distributed, offered for sale, and sold Infringing Products bearing the YETI Marks that have not been authorized for sale by YETI.

56.    In so doing, Defendants have profited monetarily from the offer to sell and sale of their Infringing Products.  Indeed, through their activities, Defendants have also benefitted from YETI's known goodwill and reputation for its genuine products.

57.    YETI has no adequate remedy at law.

58.    YETI has sustained injury caused by Defendants' conduct, and absent an entry of an injunction by this Court, YETI will continue to suffer irreparable

injury to its goodwill and business reputation and Defendants will continue to wrongfully profit from their actions.

## COUNT IV - COMMON LAW UNFAIR COMPETITION.

59.    YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

60.    This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing and/or using marks that are virtually identical to one or more of the YETI Marks in violation of Florida's common law of unfair competition.

61.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing and/or using counterfeits and infringements of one or more of the YETI Marks.

62.    Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of Defendants' Infringing Products by their use of the YETI Marks.

63.    YETI has no adequate remedy at law and is suffering irreparable injury because of Defendants' actions while Defendants are earning a substantial profit.

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

64.    YETI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 35 above.

65.    YETI is the owner of all common law rights in and to the YETI Marks.

66.    This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Infringing Products using one or more of the YETI Marks.

67.    Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of at least one or more of the YETI Marks.

68.    Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among members of the trade and consumers as to the origin and quality of Defendants' Infringing Products bearing and/or using the YETI Marks.

69.    YETI has no adequate remedy at law and has sustained injury caused by Defendants' conduct. Absent an entry of an injunction by this Court, YETI will continue to suffer irreparable injury to its goodwill and business reputation and Defendants will continue to earn profits from their wrongful activities.

## PRAYER FOR RELIEF

70.    WHEREFORE, YETI demands judgment against Defendants as follows:

a.    Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell Defendants' Infringing Products; from infringing, counterfeiting, or diluting or tarnishing the YETI Marks; from using the YETI Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with YETI; from falsely representing themselves as being connected with YETI, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or the purchasing public to believe any goods or services of Defendants, or in any way endorsed by, approved by, and/or associated with YETI; from using any reproduction, counterfeit, copy, or colorable imitation of the YETI Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale

of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of YETI, or in any way endorsed by YETI and from offering such goods in commerce; and from otherwise unfairly competing with YETI.

b.    Entry of an Order requiring Defendants surrender to YETI all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in their possession or control that incorporate, feature or bear any of the YETI Marks, or that include any simulation, reproduction, copy or colorable imitation of any of the YETI Marks.

c.    Entry of an Order that upon YETI's request, Defendants be required to permanently remove their advertisement, promotion, and offer to sell from any and all seller identification names and accounts through which Defendants engage in the promotion, offering for sale and/or sale of goods using infringements of the YETI Marks.

d.    Entry of an Order requiring Defendants to account to and pay YETI for all Defendants' profits and actual damages sustained by YETI resulting from Defendants' unfair competition and trademark infringement activities, including the cost of the Infringing Products paid for by YETI, and that the award to YETI be trebled, as provided for under 15 U.S.C. §1117(a).

e.    Entry of an order awarding YETI pre-judgment interest on its judgment.

f.    Entry of an order pursuant to 15 U.S.C. §1117(a) awarding YETI its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

g.    Entry of an Order requiring Defendants, at YETI's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

h.    Entry of an order awarding YETI such other and further relief as the Court may deem just and proper.

DATED: May 4, 2023.              Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: */s/ Stephen M. Gaffigan*
Stephen M. Gaffigan (Fla. Bar No. 025844)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: stephen@smgpa.cloud

Attorneys for Plaintiff